The first issue that's presented in this case is whether or not there was sufficient evidence that the robbery involved methamphetamine and drug proceeds. All of the charges here required the government to prove that the robbery involved methamphetamine and drug proceeds and that the methamphetamine and drug proceeds were in the possession of James Booher and is conjunctive. Do you agree, just to start, do you agree with me that if there's sufficient evidence of both this issue drops out? Yes. Basically what I'm asking is the court to find there's insufficient evidence of one or the other or insufficient evidence of both. If the court finds sufficient evidence of both, then I do not win on this issue. Turning first to the drug proceeds question, there was some evidence that Mr. Booher was in possession of cash, but there was no evidence that that cash was drug proceeds as opposed to being from some other source. Oh, I think there was. Ms. Bush the next morning saw him with bloody money. She saw him with money. The question though... Blood covered money. I thought it was bloody money. Blood covered money says the testimony. And you speculate, well, that might have been his Social Security disability payments or something else, or what he found on the street. But how can that kind of speculation defeat evidence? Well, it's equally speculative that it's drug proceeds, that that money was the proceeds of him selling drugs to someone. Well, he had no other source of income, did he? Well, not that we were able to determine. Well, the ex-wife testified, no other source of income. No, I believe she testified. There were two witnesses that testified, the sister and the wife, the ex-wife that testified on that issue. And I don't think either one of them talked about knowing if he was getting some income from such things as unemployment. But the ex-wife said flatly, no form of income other than distributing drugs, right? Transcript 347, 348? Well, if that's what she said, that is what she said. But she may not have known about other sources of income. She's an ex-wife, she's not the current wife, so she may not know. But back to my kind of main point here. There was just insufficient evidence that any money that Mr. Brewer had was the result of a sale of drugs. Basically, there was some general evidence that he was a drug dealer. But there was no specific evidence. Wait, wait. The murder of a drug dealer for the cash and the drugs on his person at the time is sufficient. You don't have to have specific evidence of a sale, do you? I would disagree with that. What case would say that that doesn't satisfy the requirement? Well, the required element under the statute is commerce. That's all we're talking about. Right. So certainly there's case authority that controlled substances, a robbery for the purpose of obtaining controlled substances, falls within the interstate commerce. That's undisputed here. With the cash on the person, however, it has to be shown that the source of those proceeds was drug proceeds. Not just that he had some cash. Okay, but the same level of inferences applies. If he's been selling that day, that night, whenever, you don't have to have a specific transaction to meet the commerce requirement. I think you do. If the element of the crime was you have to have proof of the sale of drugs, that would be different. The only element of the crime at issue is commerce. And commerce is very broadly defined. It is. But it has to be shown, as it was charged here, that any cash that Mr. Boer was robbed of was drug proceeds. And the only evidence of a sale that was contemporaneous with this was the sale to Travis Womaka. Why isn't the description of the entire day's activities sufficient to permit a reasonable jury to conclude that any dollars J.B. had on him by the time he was killed in the farmhouse were drug proceeds? If not entirely, at least partially. Because the only evidence of a drug sale was the sale to Mr. Womaka, for which he was paid with a Walmart gift card. What about the sale to Mr. Robbins? To the extent that there was any cash paid in that, which there really was not evidence of, Mr. Boer gave Martin Lawrence apparently all of the cash. Wait a minute. What case says a cash card payment doesn't qualify? What commerce case? Mr. Boer did not have the Walmart gift card. I asked you for a United States Court of Appeals or Supreme Court opinion that says the Commerce Clause element is not satisfied by a cash card. You've got to have real U.S. currency. That is not the argument here, first of all. It's the argument I just heard you make. No, the argument on the Walmart gift card is that Mr. Boer no longer had that Walmart gift card that he was paid for the drugs that he sold to Mr. Womaka. Because he gave that gift card to Mr. Lawrence. What you said was the evidence of the earlier sale to Robbins, which was paid in cash or its equivalent, is part of the evidence from which you can infer whether cash he had at the end of that day included drug proceeds. However, the testimony from Mr. Lawrence was that Mr. Boer gave him that cash right after Mr. Boer had received any cash from Mr. Robbins. The question is the specific cash... Dealers, of course, have a revolving door of cash. That's probably true. But the main issue here is whether or not any cash that was on Mr. Boer at the time of the alleged robbery was the proceeds from a drug sale, as opposed to being from someplace else. It was not Mr. Robbins' burden to prove the specific source of that money. It was the government's burden to prove that it was drug proceeds. And the government did not introduce sufficient evidence that it was drug proceeds. I see my time is getting down to where I wanted to save for a rebuttal here. For the other issues, the methamphetamine and the bone fragment evidence, I will rely on the briefs for those issues. I think you ought to just summarize for me your bone fragment evidence is irrelevant argument. Yeah, basically... If the counsel rested on her brief, you couldn't talk about it on rebuttal. And if she does so, that would be the consequence. But basically, there were two experts that testified about the bone fragment evidence. Dr. Latham, who was a bone identification expert, who could only state that some of the fragments were not inconsistent with human bone. She never testified that any of the fragments were human bone. She said they could be human, they could be animal, but... One bone fragment had human male DNA, right? Period. And that's the next question. The DNA expert said it was inconclusive as to whether or not the DNA on any bone fragments matched Mr. Boor. I thought one bone fragment, that was the final bottom line testimony, had human male DNA. Yes, she did say that. And the jury can believe that, right? Right, but she could not identify the source of that DNA as to whether or not it was from Mr. Boor. Yeah, but we got the chopping and the shoveling and the disposing and all the other circumstantial evidence. Go ahead. There was other issues as to the DNA's possible sources, such as the failure to use gloves by the people collecting the bone fragments. And that, I would like to reserve my remaining minute and a half here for rebuttal. But she didn't really answer the relevance part. I only asked about relevance. I didn't ask about weight. Basically, it supported the government's theory that Mr. Boor had been killed and then his body disposed of in the burn pit. It was all part of the government's explanation as to why there was no body. Why is that not probative to the ultimate issues? It can be, but the issues of whether or not the scientific evidence was sufficiently reliable to be admitted. And then it was prejudicial because it was not reliable. It's not a relevance argument. Well, it could be relevant, but it wasn't linked. It's more of a prejudice argument, I believe. Okay, that's what I was wondering. Thank you. Ms. Williams. Good morning, Your Honors. Ms. Williams. Lisa Williams here representing the United States of America from the Northern District of Iowa. And if I may say, it is nice to be back in person. That's what we think. I'm glad you shared that. I believe that from the questioning by the court, the arguments that I would make as to why the cash was drug proceeds are very well understood. I would like to go back and address the legal argument that the government has to establish that the robbery involved both drugs, drug proceeds, and methamphetamine. The government disagrees. Was that in the jury instruction? It was, Your Honor. It wasn't and. It was charged to the jury in the conjunctive. And that's the Mustachio case from the Supreme Court from 2016. The what case? Taylor? No. Mustachio?  Well, but that's when you've got elements of a crime. And here, this commerce issue is quite distinct from what we had in Staples, for example, which was two crimes, which you could view as two elements of one crime. But this, I don't understand why the government is running away from the old thing that you charge in the conjunctive and you prove in the disjunctive. What happened to that in this argument? We are certainly not running away from that argument, and I was going to make that exact argument, Your Honor. The jury instruction of Roman. It seems to me for a commerce requirement, it's even stronger than the way it's usually done when you have a statute which may have different means, for example. Correct. And I suspect that's why this indictment and jury instructions were so carelessly, frankly, in my opinion, worded. And I would agree, Your Honor. But I also notice that the district court, at the end of the instruction we're talking, you're instructed as a matter of law that theft or attempted theft is an activity that affects commerce for purposes of this element. And so drugs or drugs proceeds satisfy the commerce element. Why isn't that, even if the earlier part of the instruction should have been framed more precisely, is that enough or not? I think that's a fair rating and that's enough. The element from the statute, as Your Honor has noted, is that interstate commerce has been affected. And the means by which this robbery affected interstate commerce, there were two theories, right? The drug proceeds and the methamphetamine. But that's why the government only needed to prove one, because what we have to prove is the interstate commerce element. The jury instructions erroneously included the and language in that earlier part of the instruction, suggesting that the government have to prove drug proceeds and methamphetamine. But that was an incorrect statement of the law. I wouldn't write that it was erroneous. I think it was not adequately clarified. Because of the supplemental instruction talking about interstate commerce. I think that that's a fair reading of the instructions. But this court, should it find that the government did not prove with sufficient evidence that the cash was drug proceeds, can still affirm the conviction if it finds that the robbery did involve methamphetamine or vice versa. The government argues that there's sufficient evidence that it involved both drug proceeds and methamphetamine. So you also don't have to answer this mustachio issue. But why we proved both at trial, we were not required to do so. And that goes back to the argument about how we charge in conjunctive and prove in disjunctive. The defendant raises in the reply briefing. When you say disjunctive, you mean the elements of the offense, right? The way the Supreme Court awards it? That's correct, Your Honor. You've got to end up proving the elements of the offense. That's correct. And how it commonly comes up is in drug conspiracies. That the conspiracy involved methamphetamine and marijuana as charged in the indictment. And then when we proceed to trial, we can prove either meth or marijuana. But changing that conjunctive language to the disjunctive at trial is not a constructive amendment of the indictment. It doesn't alter the elements of the offense. We're simply allowed to do that without changing the elements. And mustachio says as long as you're not changing the elements, this court reviews based on the sufficiency of the evidence as it relates to the elements of the offense. And so the government submits that the true issue before the court is whether or not we proved one or the other, not both. However, we did also prove both. I think I will briefly address the bone fragment evidence. The government concedes that that DNA evidence did not match James Boer. It was inconclusive. That is not up for debate. But the government submits that it didn't have to match James Boer in order to be relevant. Because you should not have human bone fragments in your burn pit in your backyard. The fact that it was human male DNA found in a backyard burn pit is in fact relevant to whether or not the individuals at that residence burned a body in the burn pit. In light of all the other circumstances, the blood, was it a tub full of blood? There was blood in the tub, blood on the floor, blood in the wall, blood on the ceiling, and blood on a glove in the bathroom. And someone saw him go toward the pit and come from the pit? That's correct. And even so, Your Honor, even more than that, because the defendant argues in their brief that there was no evidence that there was a fire going on. And that's belied by the record. Randy Lewis testified that he was friends with Matthew Robbins. And Matt called him and said, bring your trailer over. He did. They loaded up a whole bunch of furniture and household goods and then drove that back to the backyard where there was a fire going on. And then they threw all of that household goods on the fire to keep it burning. Daniel Bush, of course, also testified that as the defendant was leaving, he told her to keep the fire going and that she smelled smoke. Robert Bleakley testified that he too saw the fire going back there. And so not only is there evidence that this is what they did, but there's evidence that that fire was going that day. And that's really the only, the last point I wanted to make is the defendant attacks holes in the government's argument throughout his brief. But what's important is that the defendant never addresses Daniel Bush's testimony anywhere in his brief. Because she testifies as to every single one of the holes that the defendant attempts to attract. Is that the ex-wife? That is the co-conspirator. That was with him that day. That's correct. Tell me the names of the co-conspirator and the ex-wife. Daniel Bush is the co-conspirator. Christina Taylor is the ex-wife. Thank you. So Daniel Bush says, for example, when he says there's no evidence he had methamphetamine at the house, Daniel Bush says when we arrived at the house, we all sat in the living room together, he pulled methamphetamine out of his pocket and we smoked some, but he had several baggies on him. Daniel Bush talks about the fire. Daniel Bush talks about hearing the gunshot from her hiding place in the kitchen. And so she provides sufficient evidence. And when this court is reviewing the issue on the acquittal, of course all credibility determinations have to be made with respect to the verdict. And then even with the new trial motion, the district court found that this evidence was credible. And I think on this record, in addition to all of the other evidence, it cannot be said that it abused its discretion in reaching that determination. If there are no other questions from the panel, then I would rest on my briefs for the remaining issues. Thank you. Thank you. I briefly wanted to address the mustachio issue here. And was charged in the indictment. And that's an important distinction I think between this case and mustachio. I do agree that if the government had charged it properly, the government would only have to prove one or the other. But the way the government charged it, they have to prove both drug proceeds and methamphetamine. Why is this, that's not usually the case. Usually the indictment charges in the conjunctive. And the proof, the jury instructions should be in the disjunctive. Why is this indictment flawed when we're only dealing with a commerce element? First I would note that the government has not made that kind of argument, either in the district court or in its appeal briefs here. Okay, I agree with that. Okay. But to me, if it's charged in the indictment, it's a fair notice due process issue the way it's charged in the indictment. Since the government had not made this conjunctive versus disjunctive argument. You didn't raise a due process argument anywhere in your brief, right? Well, the government had not raised this argument, so I did not have reason to argue about it. I see. So, but I do think since they haven't raised it, or hadn't raised it in at least a timely fashion here, that they've either waived or forfeited that kind of issue. So, my time is up here, so unless the court has questions, that will conclude my argument. Thank you. Mr. Wasmer, I believe you were appointed as appellate counsel? Yes. Under the Criminal Justice Act. Well, the court appreciates your service, and I think you represented Mr. Robbins very creatively. Thank you.